IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v | : | Criminal Action No. 15-163M |
| | : | |
| LEE ROBERT MOORE, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S MEMORANDUM IN RESPONSE TO
GOVERNMENT'S MOTION FOR PRE-TRAIL DETENTION**

Defendant, Lee Robert Moore, by and through his attorney, Eleni Kousoulis, Assistant Federal Public Defender, District of Delaware, hereby submits this memorandum in response to the Government's Motion for Pre-Trial Detention.  Mr. Moore has substantial ties to his community. Those ties, his wife and parents, will act as third-party custodians of Mr. Moore.  The third-party custodians, along with house arrest and electronic monitoring, assure that Mr. Moore will appear in court to address these charges.  Mr. Moore's lifetime of service to this Country - fours years service in the U.S. Marine Corps, followed by two years at the U.S. Naval Academy, followed by 12 years in the U.S. Secret Service - demonstrates that the singular crime charged here, entirely committed in the virtual world, is somewhat aberrant in juxtaposition to Mr. Moore's otherwise law abiding and exemplary life.  Still, restrictions such as no access to computers, smart phones, internet or contact with minors other than his two children, along with mental health treatment, would keep the community safe from the potential of Mr. Moore committing any further crimes while on release pending trial.  For these reasons, discussed in greater detail below, Mr. Moore respectfully requests that the Government's Motion for Detention be denied, and that he be released into the custody of his family under certain conditions.

## I.    THE LEGAL STANDARD

Under the Bail Reform Act, 18 U.S.C. of the U.S.C. § 3142, a defendant must be released pending trial unless a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the defendant as required or the safety of the community.  In making this determination, the Court  is to consider the following factors:

(1)    the nature and circumstances of the offense charged;

(2)    the weight of the evidence against the person;

(3)    the history and characteristics of the person, including –

  (a)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

  (b)    whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4)    the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*See* 18 U.S.C. § 3142(g).  The burden is on the Government to prove by a preponderance of the evidence that Mr. Moore poses a flight risk, and by clear and convincing evidence that he is a danger to the community.  *United States v. Himler*, 797 F.2d 156, 160-61 (3d Cir. 1986).  Mr. Moore is not a flight risk and he does not pose a danger to the community.  As outlined below, the Defense submits that there are conditions of release that can be imposed that will reasonably assure Mr. Moore's appearance in court as required and the safety of the community.

### A.    Mr. Moore Does Not Pose a Risk to the Community

The government has not established through a showing of clear and convincing evidence that

2

Mr. Moore poses a danger to the community. The "clear and convincing evidence" burden is less than "beyond a reasonable doubt", but is more than "preponderance of the evidence." *United States v. Chimurenga*, 760 F.2d 400, 405 (2nd Cir. 1985). "To find danger to the community under this standard of proof requires that the evidence support such a conclusion with a high degree of certainty." *Id.* Here, the Government cannot establish by clear and convincing evidence that restricting Mr. Moore's internet access, electronically monitored home detention, along with the watchful eyes of third-party custodians will not keep the community safe from Mr. Moore.

The government argues that, because Mr. Moore is a former Marine and that he has distinguished himself as a firearms instructor, sharpshooter, and was formerly a competitive shooter, his "strong affinity" and "expertise" in using firearms somehow makes him especially dangerous while facing charges on a wholly cyber-based crime. None of these attributes relate to or were involved in the alleged crime of sending obscene material to a minor. Needless to say, Mr. Moore was licensed to carry and/or otherwise own these firearms. And, his "expertise" in firearms was largely gained, then used in service of this Country in a law abiding manner. We should not confuse the fact that Mr. Moore owns guns, with the fact that he is charged with a crime, and then merge the two together. Simply put, his ownership of firearms has nothing to do with the illegal cyber crime he is charged with committing. However, as reflected in the Addendum to the Pre-trial Services Report, all of the firearms and ammunition have been removed from Mr. Moore's home and, if released, he will have absolutely no access to firearms or ammunition of any kind.

More to the point, the government argues that the nature of the offense dictates that Mr. Moore presents a danger to the community. Although the government argues at length that more serious charges could possibly be lodged in this case, the extent of the charged conduct involving

3

Mr. Moore that this Court must consider is confined to on-line chats between Mr. Moore and an individual Mr. Moore believed to be a minor, teenage girl, and Mr. Moore allegedly sending an obscene photograph to this girl. Mr. Moore is not charged with obstruction of justice or attempted coercion of a minor, and he is not facing any mandatory minimum sentence at this time. The entirety of the crime currently charged against Mr. Moore involve his alleged use of a smart phone to communicate with minor girls. Any potential danger the Court believes Mr. Moore poses can be alleviated by imposing a condition of release that prohibits Mr. Moore from having any access to computers, smart phones and the internet.

Mr. Moore has no prior contacts with the criminal justice system. There is no evidence Mr. Moore ever met with any underage girls, or that he ever took any concrete steps to set up any such meetings. In his statement to law enforcement, Mr. Moore adamantly denied ever meeting in person any females he chatted with online, and stated that he never had any intention to actually meet in person anyone he chatted with online. In fact, in the present case involving the undercover officer, the chats provided by the government demonstrate that it was the undercover officer who more often than not brought up the subject of meeting in person. As Mr. Moore explains in his statement to law enforcement, while he may have discussed meeting with the undercover agent in person, he never intended to follow through with that meeting, which is evidenced by the fact that Mr. Moore made no effort whatsoever to arrange for any such meeting to ever take place.

The entirety of the conduct Mr. Moore is charged with involves an alleged photo he sent and chats he had with an individual on his phone – there is no evidence that the conduct ever went beyond phone messaging. If Mr. Moore is released on pre-trial release, he will not have access to a smart phone or computer and he will be on house arrest with location monitoring. Not having

4

access to the internet and being restricted to his home unless authorized to leave by his U.S. Pre-Trial Services Officer will further assure that Mr. Moore will pose no threat to anyone if released from custody.

### B.       Government's Obstruction of Justice Claim

The government further argues that Mr. Moore should be detained because if he is released he may seek to destroy evidence of his crimes or tamper with witnesses.   Contrary to the government's allegation, Mr. Moore never admitted that he destroyed evidence in this case or that he would destroy evidence.  In his statement to law enforcement, Mr. Moore stated that he removed certain apps and deleted certain accounts from his smart phone – never did he admit to destroying evidence relating to any alleged criminal conduct, as mischaracterized by the government.

Law enforcement officers have already searched Mr. Moore's home and confiscated any evidence there was to seize.  Furthermore, if released, Mr. Moore will not be in a position to destroy or tamper with any digital data as argued by the government, because Mr. Moore will have no access to any devices that would allow him to do so.  Moreover,  if he is released from custody, there is no evidence that Mr. Moore will attempt to contact or tamper with any alleged victims, if any other alleged victims even exist.  As previously stated, the government has seized the electronic devices that Mr. Moore used to contact people online.  Without access to these electronic items, Mr. Moore does not have anyone's contact information or the ability to reach out to any alleged victims.  Mr. Moore's only contact with any of the females he was communicating with was online – any concerns the Court may have about Mr. Moore contacting these females can be addressed by restricting his online and computer access.

C.    **Mr. Moore Does Not Pose a Risk of Flight**

The government has neither met its burden to prove that Mr. Moore is a flight risk, or that there is no combination of conditions that would assure his appearance as required. *Himler*, 797 F.2d at 160-61 (The burden is on the Government to prove by a preponderance of the evidence that a defendant poses a risk of flight); *United States v. Shakur*, 817 F.2d 189, 195 (2nd Cir. 1987) (The Government has the burden to show that no combination of conditions can reasonably assure the appearance of the defendant).

Mr. Moore has substantial and strong ties to his community.  He has lived in Queen Ann's County, Maryland for the last 15 years.  He married his wife, Rebecca, six years ago, and the couple bought a home in Queen Anne's County four years ago.  They live in their home along with their two children - a two-year old daughter and a two-month old son.  Mr. Moore's parents, Walter and Robin Moore, moved from their home in Virginia into Mr. Moore's home in Maryland, where they plan to remain throughout the duration of this case, regardless of whether Mr. Moore is released from custody.  Mr. Moore is also well-thought of in his community, as is reflected in the numerous letters submitted on his behalf.  (attached hereto as *Exhibit A)*.  Despite the allegations in the present case, Mr. Moore's family and friends describe him as a hard-working family man and loving husband and father who would go out of his way to help those in need.

In addition to his strong community ties, Mr. Moore has a stable employment history.  At the time of the arrest, Mr. Moore was employed with the U.S. Secret Service, where he has been employed for the past 12 years.  Prior to his employment with the Secret Service, he spent two years at the U.S. Naval Academy. Mr. Moore is also a Veteran of the United States Military, having bravely served in the U.S. Marine Corps for 4 years, from 1997 to 2001, receiving an Honorable

Discharge in 2001.

Mr. Moore has no history of drug or alcohol abuse, and no prior criminal record.  His alleged conduct in this case represents Mr. Moore's first and only contact with the criminal justice system.  Mr. Moore's history and characteristics and his strong ties to his community firmly demonstrate that he is not a flight risk.

**II.    CONDITIONS OF RELEASE CAN BE IMPOSED THAT WILL REASONABLY ASSURE MR. MOORE'S APPEARANCE AS REQUIRED AND THE SAFETY OF THE COMMUNITY**

Although the charged conduct is a serious offense, the history and characteristics of Mr. Moore provide counterbalancing measures.  Mr. Moore has strong family ties to his community, no prior contacts with the criminal justice system, and an exemplary professional career, which includes four years of service to our country.  There are conditions of release that can be imposed to militate any potential risk of flight and any concerns with regard to danger to the community that the Court feels Mr. Moore may pose.

The first condition of release that can be imposed is the designation of Third-Party Custodians.  Mr. Moore's wife and parents are all willing and able to act as third-party custodians in this case, and all three are upstanding, responsible individuals.  Mr. Moore's wife Rebecca is presently a stay-at-home mother, who has no prior contact with the criminal justice system.  Prior to the birth of her first child, Rebecca worked as a nanny for ten years.  She understands the responsibilities involved in being a third-party custodian and is willing to undertake those responsibilities.  Mr. Moore's parents have been married for 38 years.  His father, Walter, served 20 years in the U.S. Navy, earning the rank of Senior Chief, before retiring in 1976.  Following his military service he worked full-time for 20 years with the National Weather Service.  Presently, he

works part-time for the National Weather Service.  Mr. Moore's mother, Robin, served in the U.S. Navy for four years, receiving an Honorable Discharge.  Following her service in the Navy, Robin worked for 15 years as an elementary school teacher before retiring from teaching in June, 2015. Walter and Robin Moore are also willing to take on the responsibilities of being third-party custodians.

In addition to the designation of Third-Party Custodians, additional conditions can also be imposed to address the concerns raised by the Government in its Motion for Detention, including:

(a)     house arrest with location monitoring;

(b)     no computer, smart phone, or internet access[1];

(c)     no contact with minors, other than his two children;

(d)     mental health treatment.

The Government has failed to meet their burden of showing by preponderance of evidence that Mr. Moore is a risk of flight or by clear and convincing evidence that Mr. Moore is a danger to the community.  Moreover, there are a combination of conditions, as outlined above, that will reasonably assure the appearance of Mr. Moore as required and the safety of the community.  Mr. Moore has an entire lifetime of respect for the law and service to our country that demonstrates that he will respect the law if released and abide by any conditions of release imposed by this Court.

---

[1]Mr. Moore's smart phone was seized by law enforcement and he no longer has access to it. Mr. Moore's wife and mother each have a smart phone and computer with internet access, and Mr. Moore's father has a computer with internet access.  All of these devices are password protected and Mr. Moore has no knowledge of the passwords. Mr. Moore's wife and parents have agreed not to provide Mr. Moore with the passwords to these devices and not to allow Mr. Moore access to these devices.  In addition, the family has purchased a safe to store these devices in when the devices are not in use.  Mr. Moore will not have access to the combination to the safe.  A picture of the safe is attached hereto as *Exhibit B*.

WHEREFORE, it is respectfully requested that this Honorable Court deny the Government's Motion for Detention and release Mr. Moore on the conditions of release outlined above and any other conditions that the Court deems necessary.

Respectfully submitted,

EDSON A. BOSTIC
Federal Public Defender

Dated: <u>November 30, 2015</u>

By: <u>  /s/  *Eleni Kousoulis*          </u>
ELENI KOUSOULIS, ESQUIRE
Office of the Federal Public Defender
800 King Street, Suite 200
Wilmington, DE  19801
(302) 573-6010

Attorney for Lee Robert Moore